## STATE OF OHIO
## IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
## CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> 7724 Tea Rose Drive <br> Mentor, OH 44060 <br><br> Plaintiff, <br> v. <br><br> **PRINCIPAL LAW GROUP** <br> 20 F Street, NW 7th Floor <br> Washington, D.C. 20001 | Case No. <br><br> Hon. |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney any Plaintiff Pro Se*

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

NOW COMES Bryan Anthony Reo (Plaintiff), Pro Se, and hereby propound upon Principal Law Group (Defendant) and this Honorable Court Plaintiff's Complaint.

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA"), and the Telephone Solicitation Sales Act R.C. §§ 4719.01 *et seq.* ("TSSA").

### II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

# EXHIBIT 1

1

3. Defendant Principal Law Group is a law practice, doing business as Principal Law Group. Defendant conducts business in Ohio by engaging in the practice of law within Ohio and by soliciting potential clients throughout Ohio by use of telecommunications devices to conduct real-time live solicitation.

### III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227, R.C. § 1345.01 and R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio, and Defendant called Plaintiff in Ohio and attempted to solicit Plaintiff as a client for a legal matter in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

### IV. STATEMENT OF FACTS

7. Defendant either directly on its own or by use of an agent, used a leads generator, contacted Plaintiff repeatedly from August to October of 2021.

8. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); ending in 6060.

9. Some of Defendant's calls consisted of recordings that routed Plaintiff to a human operator.

10. Defendant attempted to sell Plaintiff products liability personal injury legal services and wanted to have Plaintiff retain Defendant as counsel for compensation.

11. Defendant's calls were unsolicited, unrequested, and Plaintiff never requested the initial contact by Defendant nor did Plaintiff provide information or opt-in anywhere.

12. Defendant began the series of calls by cold calling Plaintiff, stating they were "cash compensation" and asking about Plaintiff's use of Round-Up and Non-Hodgkin's Lymphoma.

13. Defendant asked if Plaintiff or anybody in Plaintiff's household had suffered brain cancer or a brain tumor. Plaintiff answered [honestly] that his father had a brain tumor removed with an operation in March 2021 but that it was determined to be non-malignant. The lead generator told Plaintiff to "write down and remember the words non-Hodgkin's Lymphoma, when the lawyers call you back, this is the term you use. It is very important you tell them that he has non-Hodgkin's Lymphoma and do not tell them we gave you those words."

14. Plaintiff completed the qualification process on the phone because Plaintiff knew it would be very important to discern if Rule of Professional Conduct 7.3 was being violated by an attorney behind the scenes who was using agents to make live real-time solicitations of prospective clients by phone. Plaintiff was initially uncertain if the callers who were calling about non-Hodgkin's Lymphoma were scammers or were actual agents working for an attorney. Plaintiff knew he would have to complete the qualification process and wait to see if an actual attorney looking for a product's liability client or personal injury client involving Round-Up was going to contact Plaintiff.

3

15. On November 18, 2021 Plaintiff received a call on his cellular phone ending in 6060 from a lawyer who left a message and identified himself as an attorney working with Principal Law Group, referenced Round-Up, referenced Non-Hodgkin's Lymphoma, and left a call back number. 1-888-318-8940.

16. The call back number is owned and operated by Defendant Principal Law Group. A google search of the call-back number leads straight to Defendant's website where the number is prominently featured.

17. Plaintiff has no established business relationship with Defendant and Plaintiff never consented to be contacted in real-time by telephone for the solicitation of legal services.

18. Upon information and belief Defendant violates the Rules of Professional Conduct by using third party intermediaries to engage in real-time solicitation [by phone] of prospective clients. A violation of the Rules of Professional Conduct in connection with seeking to obtain an individual client for personal injury services, constitutes a per se violation of the Consumer Sales Practices Act.

19. Some of Defendant's calls consisted of a live human operator with the call having been delivered by ("ATDS") as evidenced by the perceptible delay from the time Plaintiff answered the call to the time Defendant's human agent began to speak.

20. Plaintiff's phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times.

21. Plaintiff has never done business with Defendant nor did Plaintiff ever request contact from Defendant.

22. Defendant lacks express prior written consent to contact Plaintiff with an ATDS to deliver recorded messages.

23. Defendant lacks express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose, and lacks such consent to deliver recorded messages by any means.

24. Defendant made at least six calls during the relevant period detailed in this complaint.

25. The calls involved Defendant attempting to sell Plaintiff legal services for personal injury claims.

26. Defendant violated the CSPA by committing an act or practice declared to be deceptive by rules promulgated by the Ohio attorney general.

27. As a result of Defendant' conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE CSPA

28. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

29. Defendant are "persons" as defined by R.C. § 1345.01(B).

30. Defendant are "suppliers" as defined by R.C. § 1345.01(C).

31. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

32. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendant informed Plaintiff that he could recover money from a settlement fund against the manufacturer of Round Up if he was willing to claim he or somebody in his household had suffered Non-Hodgkin's Lymphoma attempting to deceive Plaintiff into a consumer transaction. R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act

or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs **before**, **during**, or after [emphasis added] the transaction." Defendant committed an unfair or deceptive act before and during the transaction.

33. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and TSSA. A violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA. A violation of the TSSA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

34. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

35. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

36. Defendant committed at least thirteen (13) violations of Count I of Plaintiff's Complaint. Defendant violated the CSPA six times by violating the TCPA which are per se CSPA violations. Defendant violated the CSPA six additional times by violating the TSSA which are per se CSPA violations. Defendant violated the CSPA one additional time by fraudulently stating that Plaintiff could receive compensation if he claimed a non-malignant tumor was non-Hodgkin's Lymphoma.

**COUNT II**

## STATUTORY VIOLATIONS OF THE TCPA

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

38. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

39. Defendant placed calls to Plaintiff's cellular telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's cellular telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

40. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's cellular telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

41. Defendant caused to be delivered artificial and/or prerecorded voice messages to Plaintiff's cellular telephone in violation of the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

42. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry.

43. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry.

44. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telecommunications practices in compliance with do-not-call policies and requests; to wit:

Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry. Upon information and belief, Defendant failed to train its personnel or agents to maintain a DNC list.

45. Defendant violated the TCPA when Defendant called Plaintiff's telephone and violated provisions of the TCPA during said telephone calls.

46. Defendant negligently violated the TCPA in relation to Plaintiff.

47. As a result of Defendant' negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

48. In the alternative to the *scienter* of negligence, Defendant have willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

49. Defendant committed at least twelve (12) violations of Count II of Plaintiff's Complaint. Defendant made at least 6 calls delivered via ATDS to Plaintiff's cellular phone and each call consisted of a failure to honor the Do Not Call registry, each call consisted of a failure to maintain a do not call list, and those delivered by ATDS or which incorporated any artificial or pre-recorded voice violated 47 U.S.C. § 227(b)(1)(A)(iii).

## COUNT III
## STATUTORY VIOLATIONS OF TELEPHONE
## SOLICITATION SALES ACT

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

51. Upon information and belief Plaintiff alleges that Defendant does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. § 1345.02. A violation of the TSSA is also a per se violation of the CSPA. Every single call made by Defendant, with Defendant lacking a certificate of registration to engage in telephone solicitation, is violative of R.C. § 4719.02 and thus a violation of the TSSA and CSPA.

52. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendant acted and violated the TSSA in a knowing fashion. Given that Defendant is a law practice, it could reasonably be presumed that they know of their legal obligations or should know of their legal obligations and chose to not only disregard the rules regarding direct solicitation of prospective clients by phone, but also the requirements that they first post a solicitor's surety bond with the Ohio State Attorney General's Office prior to engaging in telephone solicitation of Ohio residents.

53. Defendant committed at least six (6) violations of Count III of Plaintiff's Complaint

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

54. Enter judgment against Defendant in Plaintiff's favor in an amount of money in the aggregate that does not exceed thirty thousand dollars ($30,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not

inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the award of mandatory court costs (as also provided by the CSPA).

55. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

                RESPECTFULLY SUBMITTED,

                /s/ BRYAN ANTHONY REO
                Bryan Anthony Reo (#0097470)
                Reo Law LLC
                P.O. Box 5100
                Mentor, OH 44061
                (Business): (216) 505-0811
                (Mobile): (440) 313-5893
                (E): Reo@ReoLaw.org
                    *Attorney and Plaintiff Pro Se*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.